1  René P. Tatro (SBN 078383)
   Juliet A. Markowitz (SBN 164038)
2  TATRO TEKOSKY SADWICK LLP
   1800 North Vine Street, Suite 234
3  Los Angeles, CA  90028
   Telephone:   (213) 225-7171
4  Facsimile:    (213) 225-7151
   E-mail:       rtatro@ttsmlaw.com
5                jmarkowitz@ttsmlaw.com

6  Attorneys for Defendant Sweet Oak Parent LLC

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMON OH, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>SWEET OAK PARENT LLC, a Delaware limited liability company;<br><br>          Defendant. | Case No. 2:25-cv-06553-SPG (AJR)<br><br>**SWEET OAK PARENT LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: January 28, 2026<br>Time: 1:30 p.m.<br>Place:  Courtroom 5C, 5th Floor<br><br>Judge: Hon. Sherilyn Peace Garnett |

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS........................................................................................... 2

LEGAL STANDARD .................................................................................................. 5

ARGUMENT................................................................................................................ 6

    A.    Plaintiff cannot establish the necessary element of reliance and/or that the allegedly wrongful conduct caused him economic injury ........................... 6

    B.    Plaintiff lacks standing to seek injunctive relief.................................................. 10

CONCLUSION .......................................................................................................... 12

i

**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**NO. 2:25-cv-06553-SPG (AJR)**

# TABLE OF AUTHORITIES

*Cases* Page

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................... 5

*Bates v. United Parcel Serv., Inc.,*
    511 F.3d 974 (9th Cir. 2007) ................................................................................ 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................... 5

*Chapman v. Pier 1 Imports (U.S.), Inc.,*
    631 F.3d 939 (9th Cir. 2011) ................................................................................ 10

*City of L.A. v. Lyons,*
    461 U.S. 95 (1983) ............................................................................................... 10

*Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (9th Cir. 2018) .......................................................................... 10, 11

*Fayer v. Vaughn,*
    649 F.3d 1061 (9th Cir. 2011) ................................................................................ 6

*Gest v. Bradbury,*
    443 F.3d 1177 (9th Cir. 2006) .............................................................................. 10

*Gonzales v. Natural Factors Nutritional Products Inc.,*
    2024 WL 4609853 (C.D. Cal. June 28, 2024) ..................................................... 11

*In re Gilead Scis. Sec. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) ................................................................................ 6

*In re Tobacco II Cases,*
    46 Cal. 4th 298 (2009) ........................................................................................... 6

*Kwikset Corp. v. Superior Ct.,*
    51 Cal. 4th 310 (2011) ........................................................................................... 6

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................................................. 10

ii

**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**NO. 2:25-cv-06553-SPG (AJR)**

*Moore v. Mars Petcare US, Inc.*,
    966 F.3d 1007 (9th Cir. 2020) ........................................................................................... 6

*Oh v. Catalina Snacks, Inc.*,
    764 F. Supp. 3d 903 (C.D. Cal. 2025) ........................................................................... 1, 8

*Oh v. Fresh Bellies, Inc.*,
    2024 WL 4500727 (C.D. Cal. Oct. 15, 2024) ................................................................. 11

*O'Shea v. Littleton*,
    414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) .................................................... 10

*Stewart v. Kodiak Cakes, LLC*,
    537 F. Supp. 3d 1103 (S.D. Cal. 2021) ............................................................................. 6

*Summers v. Earth Island Institute*,
    555 U.S. 488 (2009) ........................................................................................................ 10

*Federal Rules of Civil Procedure*

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 2, 5, 9

*Federal Regulations*

21 C.F.R. § 100.100(a) ................................................................................................................ 5

*State Statutes*

Cal. Bus & Prof. Code § 12606.2(c) ........................................................................................... 5

Cal. Bus & Prof. Code § 17200, *et seq.* (Unfair Competition Law) ....................................... 5, 6

Cal. Bus & Prof. Code § 17204 .................................................................................................. 6

Cal. Bus & Prof. Code § 17500, *et seq.* (False Advertising Law) .......................................... 5, 6

Cal. Bus & Prof. Code § 17535 .................................................................................................. 6

Cal. Civ. Code § 1750, *et seq.* (Consumer Legal Remedies Act) ............................................... 5

Cal. Civ. Code § 1780(a) ............................................................................................................ 6

iii

**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**NO. 2:25-cv-06553-SPG (AJR)**

# INTRODUCTION

Plaintiff Simon Oh ("Plaintiff") is a serial plaintiff who has filed numerous lawsuits in which he alleges he was misled by the size of various product packages into believing the packages contained more product, and less non-functional empty space or "slack-fill," than was actually in the packages.[1]

The First Amended Complaint ("FAC") does *not* allege that Plaintiff got shorted on the amount of product he *thought* he purchased, *i.e.*, 12 ounces. Instead, the FAC alleges more than twenty times that, in making an online purchase, an "unscaled" photograph of the product on Amazon.com misled Plaintiff about the size of defendant Sweet Oak Parent LLC's ("Sweet Oak's") 12-ounce bag of Wholesome Allulose Zero-Calorie Sweetener and, further, that the belief he formed about size from that unscaled photograph then led him to believe the package contains more allulose than the 12 ounces actually (and labeled as being) in the bag. But Plaintiff's claims fail because Plaintiff could not have been misled by the size of the package as a matter of law, and thus cannot satisfy the required element of reliance.

While much (if not most) of Plaintiff's allegations in the FAC seem geared to the experience of a consumer shopping in a brick-and-mortar store, Plaintiff does not allege he had that experience. Nor could he. Plaintiff alleges he purchased a bag of Wholesome Allulose Zero-Calorie Sweetener online, at Amazon.com. He alleges Sweet Oak misleads consumers as to the size of the bag by means of an online photograph, which he includes in the FAC. The photograph, however, provides no basis from which a consumer can determine the size of the package. The photograph depicts only the bag of allulose; it does not include any point of reference or scale—such as a ruler, a half-gallon milk container, a Volkswagen Beetle, etc.—from which one can ascertain how large the bag actually is. A

---

[1] *See, e.g., Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903 (C.D. Cal. 2025); *see also Oh v. Nestle USA, Inc.,* C.D. Cal. Case no. 2:25-cv-07816 (assigned to this Court); *Oh v. Target Brands, Inc.*, C.D. Cal. Case no. 2:25-cv-06843; *Oh v. Now Health Group*, C.D. Cal. Case no. 2:25-cv-05136; *Oh v. Hayden Valley Foods, Inc.*, C.D. Cal. Case no. 2:25-cv-00258.

purchaser cannot tell by looking at the photograph whether the package of allulose is, for example, 8.5 x 11 inches, 10 x 14 inches, or any other size. Other than one's common sense and experience, a consumer cannot even know whether the photograph depicts a bag as small as an envelope or as large as a briefcase. All that online consumers can ascertain from the photograph when they make a purchase is that they are buying 12 ounces of non-GMO pure allulose zero calorie sweetener in a plastic pouch of indeterminate size. Consumers who click through to the other photographs on the Amazon.com website—including the second photograph showing the back of the bag with the Nutrition Facts panel—will also be informed that the package contains about 40 two-teaspoon servings of allulose. But no photograph provides a point of reference from which a consumer can know how large the package actually is.

Each of Plaintiff's claims requires "reliance" and/or that the allegedly wrongful conduct caused economic harm.[2] Because Plaintiff cannot satisfy the required element of reliance and/or that the allegedly wrongful conduct caused him economic injury, each of his claims is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") and Rule 8 of the Federal Rules of Civil Procedure ("Rule 8")

In addition, because Plaintiff will continue to be able to confirm the amount of Product in the package in the future simply by reading the amount stated on the front (12 ounces), as well as the serving size and number of servings on the back (about 40 two-teaspoon servings), he does not have standing to assert claims for injunctive relief consistent with Article III of the U.S. Constitution.

## STATEMENT OF FACTS

Plaintiff Simon Oh alleges he purchased from the online retailer Amazon.com a 12-ounce bag of Sweet Oak's Wholesome Allulose Zero-Calorie Sweetener (the "Product") for his personal use. (Dkt. 14, FAC ¶ 7). Plaintiff does not dispute that he

---

[2] For example, if the bag had been labeled as containing 12 ounces but Plaintiff only had 10 ounces in the bag when he got it home, the mislabeling would have caused him economic harm. As noted above, here, Plaintiff got the 12 ounces of product he thought he was buying.

2
**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**CASE NO. 2:25-cv-06553-SPG (AJR)**

received 12 ounces of allulose (about 40 two-teaspoon servings), exactly as listed on the Product package.

Plaintiff nonetheless alleges he was harmed because he was misled by "the size of the container and product label" into believing there would be more allulose in the package than the 12 ounces within, which is exactly what the label stated. (FAC ¶ 7). The FAC makes the same or similar "size" allegations over twenty times. (*E.g., id.* ¶¶ 1, 2, 11, 15, 16, 18, 19, 21, 47, 78, 97, 110). Plaintiff alleges "he would not have purchased the Product, or would not have paid a price premium for the Product, had he known that the size of the container and product label were false and misleading." (*Id.* ¶ 7).

The sole alleged basis for Plaintiff's "size" belief is what can be gleaned from the photograph of the Product as it appears to online consumers on the Amazon website—the same photograph that appears on Wholesome's own website. (*See* Declaration of Juliet A. Markowitz in Support of Request for Judicial Notice filed herewith ("Markowitz Decl."), ¶¶ 3-5, 7 and Ex. 1 at p.1). The photograph is included in the FAC. The photograph depicts the sealed bag after it has been filled and before it has been opened or handled, as follows:

(FAC at p.2).[3]

---

[3] Plaintiff also includes in the FAC a photograph of the Product taken after the top of the package was torn off and the sides were pulled open—expanding the width of the package and causing the fine granules of allulose at the top of the package to drop into the now-widened container. (FAC at p.2).

3

**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**CASE NO. 2:25-cv-06553-SPG (AJR)**

Plaintiff alleges the "photograph shows the Product as it appears when advertised to the purchaser." (FAC ¶ 1). He alleges Sweet Oak thereby "markets the Product in a systematically misleading manner by representing it as adequately filled when, in fact, it contains an unlawful amount of empty space or 'slack-fill.'" (*Id.* ¶ 2).

All of Plaintiff's claims center around his (and putative class members) purportedly being misled by the size of the package. Without explaining how he could have reliably assessed the "size of the container" from a digital image that can be made larger or smaller with two fingers on any smart phone or touch screen (or the "zoom in/zoom out" function in all browsers), Plaintiff nonetheless alleges he "purchased the Product *because of the size of the container and the product labels*, which he believed to be indicative of the amount of sweetener contained therein as commensurate with the size of the container." (FAC ¶ 47, emphasis added). Again, without any point of reference or scale (*e.g.*, a ruler, a half-gallon milk container, a Volkswagen Beetle, etc.), Plaintiff alleges "packages that *seem larger* are more likely to be purchased because consumers expect *package size* to accurately represent the quantity of the good being purchased." (*Id.* ¶ 15, emphases added).[4]

Plaintiff further alleges that "[e]ven if Plaintiff and other reasonable consumers of the Product had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of product meaningfully different from *their expectation of an amount of sweetener commensurate with the size of the container.*" (*Id.* ¶19, emphasis added). Again, Plaintiff does not allege how an online shopper such as him would have any basis for judging the appropriate size of a 12-ounce bag of allulose. Instead, Plaintiff admits he had no such basis: "[t]he other information that Defendant provides about the quantity of sweetener on the front

---

[4] Plaintiff does not allege how or why that holds true for online shoppers such as him, who can manipulate an unscaled digital image to be either larger or smaller, and who are not seeing the package on a shelf next to other packages of 12 oz of granulated allulose such that one package can "seem larger" than another.

4

**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT
CASE NO. 2:25-cv-06553-SPG (AJR)**

and back labels of the Product does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Product *as compared to the size of the container itself.*" (*Id.* ¶ 21, emphasis added). Plaintiff does not say how he knows, from an unscaled digital image that he could manipulate to be larger or smaller, that "*that the quantity of sweetener [is not] commensurate with the size of the container.*" (*Id.* ¶ 19, emphasis added). He even goes on to admit he had no reason, therefore, to allegedly rely on the size of the package in an expandable or shrinkable digital image: "Disclosures of net weight and serving sizes in ounces, pounds, or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of sweetener contained in the Products' containers that would be different from *their expectation that the quantity of sweetener is commensurate with the size of the container.*" (*Id.* ¶ 22, emphasis added).[5]

On behalf of himself and a putative class of consumers who bought the Product in California, Plaintiff asserts claims for violation of three California consumer protection statutes, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, and the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1750 *et seq.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To meet this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when a plaintiff pleads sufficient facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[5] Plaintiff also includes in his FAC boilerplate allegations as to why the safe harbor provisions of 21 C.F.R. § 100.100(a) and Cal. Bus. & Prof. Code § 12606.2(c), which allow products to contain slack-fill in certain circumstances, purportedly do not apply here. (FAC ¶¶ 25–41). Several of these allegations are factually erroneous, as will be addressed at summary judgment, should this case continue.

A court need not credit allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotations omitted). Further, a court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted).

## ARGUMENT

### A. Plaintiff cannot establish the necessary element of reliance and/or that the allegedly wrongful conduct caused him economic injury.

"A plaintiff alleging claims under the CLRA, FAL, or UCL, must allege actual reliance." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1135 (S.D. Cal. 2021) (citing cases). *See also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020) ("'[A] plaintiff must allege actual reliance in order to have standing to pursue UCL and FAL claims.'"); *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). This is consistent with the statutory language in each of the statutes. *See* Cal. Civ. Code § 1780(a) (plaintiffs seeking to assert claims under the CLRA must have "suffer[ed] a[ ] damage as a result of" a proscribed practice under the CLRA); Cal. Bus. & Prof. Code §§ 17204, 17535 (plaintiffs asserting claims for injunctive relief under the UCL and FAL, respectively, must have "suffered injury in fact" and "lost money or property as a result of the unfair competition"). "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 326 (2011) (internal quotation marks and citations omitted).[6]

Plaintiff characterizes as "misleading" the online photograph of the Product that appears on the Amazon.com website, as also depicted in the FAC. (FAC ¶ 1). But the photograph is missing the essential element of "scale"—*i.e.*, a point of reference—from which one can determine the size of the package. Without a point of reference, Plaintiff

---

[6] Plaintiff has not alleged how he was economically harmed by getting the 12 ounces of sweetener he thought he was buying. The product is sold by weight, not by how "fluffy" it is.

6

**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**CASE NO. 2:25-cv-06553-SPG (AJR)**

could not have relied on, or been misled by, "the size of the container and product label" into believing there would be more allulose in the package than the twelve ounces within, as he alleges. (FAC ¶ 7).

Sweet Oak recognizes that use of AI in submissions to the Court can be equivalent to walking through a mine field. Nonetheless, sometimes AI is so "common-sensical" that it is quote-worthy. In this instance it is just that.

When asked, "in determining the size of something in a digital image, is having a scale important?," the AI response was as follows:

> Yes, having a scale (or scale reference) is **extremely important** when you need to determine the actual physical size of something in a digital image. Without it, you can only measure size in relative or arbitrary units (e.g., pixels, percentages), but you cannot know the real-world dimensions.
>
> **Why a scale is critical**
>
> - Pixels have no inherent physical size. A 1000-pixel-wide object could be 1 mm or 10 meters in real life depending on the camera's distance, lens, sensor size, and resolution.
> - Perspective, lens distortion, and angle can further mislead measurements if you try to guess sizes without a reference.
> - In fields like forensics, archaeology, medicine, engineering, macro photography, or any scientific imaging, measurements without a scale are considered unreliable or invalid.
>
> **What counts as a good scale reference?**
>
> - A ruler, caliper, coin, lens cap, or any object of **known exact size** placed in the same plane as the object being measured.
> - Scale bars added digitally (common in microscopy or scientific papers) with a stated length (e.g., "bar = 1 mm").
> - Grid paper or calibration targets underneath/ beside the subject
>
> **Practical example**
>
> If you photograph a beetle on a plain white background:
>
> - Without scale → You can say it's 350 pixels long, but you have no idea if it's 3 mm or 30 mm.

7
**SWEET OAK PARENT LLC'S MEMO. OF POINTS & AUTH ISO MOTION TO DISMISS FIRST AMD COMPLAINT**
**CASE NO. 2:25-cv-06553-SPG (AJR)**

- With a dime (17.91 mm) next to it → You can measure both in pixels, calculate the pixel-to-mm ratio (e.g., 1 pixel = 0.0512 mm), and confidently state the beetle is 17.9 mm long.

Bottom line: If you ever need to answer "How big is this thing in real life?" from an image, a visible scale reference in the photo is essentially mandatory for accurate results. No scale = educated guess at best."

(Markowitz Decl. ¶ 9 and Ex. 2 (emphases in original)).

The importance of a point of reference in pursuing a slack-fill claim based on an online purchase is illustrated in another slack-fill case that Plaintiff previously filed, *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903 (C.D. Cal. 2025) ("*Catalina Snacks*"). Plaintiff's allegations in that action mirror those here: Plaintiff alleged he purchased a bag of cereal online from Amazon.com because he "understood the size of the package and the product label to indicate that the amount of product contained in the packaging was commensurate with the size of the package." 764 F. Supp. 3d at 910. Plaintiff further alleged that "between 40 and 47% of the [p]roduct's packaging was empty," and that "he would not have purchased the [p]roduct—or would not have paid a price premium for it—had he known that the size of the package and product were not representative of the amount of product inside of it." *Id.*

In analyzing whether Plaintiff alleged the necessary element of reliance, the *Catalina Snacks* court reviewed the photographs of the product that were available to purchasers on the Amazon.com webpage. The court found that, like here, "the size of the Product's packaging is not apparent from the initial display image on the Amazon webpage," because the image showed only the product package without any point of reference from which its size could be determined. 764 F. Supp. 3d at 916. However, the court also looked at the other images in the thumbnails that appeared vertically along the left side of the Amazon.com webpage. Unlike here, in *Catalina Snacks*, those thumbnails included photographs that did "indicate the size of the Product's packaging," including one "show[ing] the Product's packaging next to a bowl of cereal, thus providing an indication of the packages' size." *Id.* The *Cataline Snacks* court thus concluded that, at least for

8

purposes of the motion to dismiss, the plaintiff's allegations were sufficient "to establish that Plaintiff ascertained the size of the Product's packaging before making his purchase." *Id.* at 917.

Here, in stark contrast, the photographs of the Product package from the Amazon website—including the initial image included in the FAC, which Plaintiff alleges "shows the Product as it appears when advertised to the purchaser" (FAC ¶ 1)—depict only the Product package, nothing more. The photographs provide no basis whatsoever from which to determine the actual size of the package. Plaintiff's "online" claims necessarily are premised on him (and putative class members) purportedly being misled by what can only be characterized as the indeterminate "size of the container" in digital images not tethered to any known point of reference. Plaintiff would not have been able to tell from the photographs on the Amazon webpage the dimensions of the pouch—they cannot tell whether it is larger or smaller than competitor 12-oz bags of granulated allulose, or even whether it is as small as an envelope or as large as a briefcase. All that Plaintiff and other online consumers can ascertain at the time of purchase is that they are buying 12 ounces of non-GMO pure allulose zero-calorie sweetener in a plastic pouch of indeterminate size, *which is exactly what they received.* And if Plaintiff had clicked through to other photographs on the Amazon webpage—such as the second photograph of the back of the bag showing the Nutrition Facts panel—he also would have been informed that the package contains about 40 two-teaspoon servings of allulose, which is also accurate and what Plaintiff received. But Plaintiff would not have been able to ascertain the size of the Product package. (*See* Markowitz Decl. ¶¶ 3-6 & Ex. 1).

Plaintiff does not allege in the FAC that he had any information whatsoever about the size of the container on which he plausibly and reasonably could have relied in making his purchase. Accordingly, consistent with the cases cited above, Plaintiff's claims are subject to dismissal pursuant to Rules 12(b)(6) and 8 for failure to allege the necessary element of reliance and/or that the allegedly wrongful conduct caused him economic injury.

9

**B.     Plaintiff lacks standing to seek injunctive relief.**

Under Ninth Circuit case law and Article III of the U.S. Constitution, "to establish standing to pursue injunctive relief . . . [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)). As the party invoking jurisdiction, Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff has not, and cannot, establish standing.

Plaintiffs seeking injunctive relief must establish that they are "realistically threatened by a *repetition* of the violation" to establish the relief sought would redress the alleged injuries. *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis in original); *see also Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). They must establish a "real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496. "Past wrongs, though insufficient by themselves to grant standing, are 'evidence bearing on whether there is a real and immediate threat of repeated injury.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)). "In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

Here, Plaintiff seeks an injunction as a remedy for each of his claims for relief. (*See, e.g.*, FAC ¶¶ 5, 7, 50, 89, 90(c), 99, 100(b), 117, 118, Prayer for Relief ¶ B). Specifically, Plaintiff alleges as follows:

> If the Product's packaging and labels were not misleading, then Plaintiff would purchase the Product in the future. Plaintiff intends to purchase the Product in the future but cannot reasonably do so without an injunctive relief order from the Court ensuring Defendant's packaging, labeling, and filling of the Product is accurate and lawful, at which point he will reasonably be able to rely upon Defendant's representations about the Product.

(Complaint ¶ 7).

Plaintiff cannot establish standing to seek injunctive relief because he cannot allege

he is likely to be deceived by the size of the Product package in the future now that he knows the information about this Product relevant to his purchase decision is the 12 ounce net weight statement on the front of the package and the serving size/servings per container (*i.e.*, about 40 two-teaspoon servings) on the Nutrition Facts panel on the back.

In the context of slack-fill, courts in this District and elsewhere exercise the discretion they are allowed by the Ninth Circuit to deny standing, which "may" exist in some false advertising cases. That is, the Ninth Circuit in *Davidson* acknowledged that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling" if that "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Davidson*, 889 F.3d at 969. But merely because a previously deceived consumer "*may* have standing" does not mean it is automatically so. The discretion embedded in that phrase has enabled numerous courts addressing slack-fill claims to distinguish *Davidson* and hold that plaintiffs in slack-fill actions cannot meet their burden of establishing standing to seek injunctive relief.

For example, as the court explained in *Gonzales v. Natural Factors Nutritional Products Inc.*, 2024 WL 4609853 (C.D. Cal. June 28, 2024), in dismissing the plaintiff's injunctive relief claims for lack of standing, "[u]nlike in *Davidson*," in which the "plaintiff was unable to determine from the wipes' packaging and labeling that they were flushable," "in the future, Gonzales can confirm the amount of product in the package by checking the size of the packaging against the information on the package including net weight, number of servings per container, and the fill-line." *Gonzales*, 2024 WL 4609853, at *4. The *Gonzales* court noted that "[o]ther courts in the circuit had reached similar conclusions." *Id.* (citing cases); *see also Gamez*, 2022 WL 17886027 at *4 (dismissing claims for injunctive relief in slack-fill case).

Likewise in *Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727 (C.D. Cal. Oct. 15, 2024), the court dismissed the plaintiff's claims for injunctive relief because "[t]he allegations in the FAC show that Plaintiff is now aware that she can find out how much freeze-dried fruit

11

snacks are in the Product by simply looking at the label" and "Plaintiff can simply feel the pliable pouch to determine the amount of slack fill." *Id.* at *3. The same result obtains here.

## CONCLUSION

For the foregoing reasons, Sweet Oak respectfully requests that the Court grant this motion in its entirety and dismiss each of Plaintiff's claims for relief.

Dated:  November 14, 2025				TATRO TEKOSKY SADWICK LLP

						By:_____/s/ *Juliet A. Markowitz*_____
							Juliet A. Markowitz, Esq.
							Attorneys for Defendant Sweet Oak Parent LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2025, I electronically filed

**SWEET OAK PARENT LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following**:**

>PACIFIC TRIAL ATTORNEYS
>Scott J. Ferrell, sferrell@pacifictrialattorneys.com
>Victoria C. Knowles, vknowles@pacifictrialattorneys.com
>4100 Newport Place Drive, Ste. 800
>Newport Beach, CA 92660
>Tel: (949) 706-6464
>Fax: (949) 706-6469

>/s/ *Karen L. Roberts*
>Karen L. Roberts