René P. Tatro (SBN 078383)
Juliet A. Markowitz (SBN 164038)
TATRO TEKOSKY SADWICK LLP
1800 North Vine Street, Suite 234
Los Angeles, CA  90028
Telephone:    (213) 225-7171
Facsimile:     (213) 225-7151
E-mail:          rtatro@ttsmlaw.com
                   jmarkowitz@ttsmlaw.com

Attorneys for Defendant Sweet Oak Parent LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON OH, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>         v.<br><br>SWEET OAK PARENT LLC, a Delaware limited liability company;<br><br>                      Defendant. | Case No. 2:25-cv-06553-SPG (AJR)<br><br>**DECLARATION OF JULIET A. MARKOWITZ, ESQ. IN SUPPORT OF SWEET OAK PARENT LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND REQUEST FOR JUDICIAL NOTICE IN CONNECTION THEREWITH**<br><br>Date: January 28, 2026<br>Time: 1:30 p.m.<br>Place:  Courtroom 5C, 5th Floor<br><br>Judge: Hon. Sherilyn Peace Garnett |

I, Juliet A. Markowitz, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am a partner in the firm Tatro Tekosky Sadwick LLP, counsel of record for defendant Sweet Oak Parent LLC ("Sweet Oak") in this action by Simon Oh ("Plaintiff"). Unless otherwise stated, I have personal knowledge of the matters set forth below, and if called as a witness in this action, I could and would testify competently thereto.

## Local Rule 7-3

2. On November 6, 2025, I had a Zoom conference with Roger Borg, Esq., counsel for Plaintiff, pursuant to L.R. 7-3. In that conference, I thoroughly discussed the substance and potential resolution of the filed motion to dismiss the First Amended Class Action Complaint ("FAC"). I explained, among other things, that Sweet Oak intended to move to dismiss the FAC on two of the same grounds it had previously moved to dismiss the initial Complaint, *i.e.*, Plaintiff could not have relied on the size of the package in deciding to make his online purchase, and Plaintiff does not have standing to seek injunctive relief. In response to each of the issues I raised, Mr. Borg told me he disagreed, he would relay my position to Plaintiff's counsel Scott Ferrell, and he would get back to me with Mr. Ferrell's position. I did not hear back from Mr. Borg or Mr. Ferrell thereafter. Accordingly, the parties were unable to reach a resolution of the issues in the motion.

## Request for Judicial Notice and Exhibits

3. Attached hereto as **Exhibit 1** is a copy of four screen captures of the www.Amazon.com website (the "Amazon.com web page") advertising and selling 12-oz bags of Sweet Oak's Wholesome Allulose Zero-Calorie Sweetener (the "Product"), which I personally accessed on November 14, 2025.[1]

---

[1] The images included in Exhibit 1 were captured from the following website:
https://www.amazon.com/Wholesome-Sweeteners-Sweetener-Substitute-Non-Erythritol/dp/B07YBTWGPM/ref=sr_1_5?crid=3FUJ40LEY5A4Y&dib=eyJ2IjoiMSJ9.8gEE2pZFhH7LMUvMwNkc6RTkBipX-OiJPXNnqfO3ojUliJ_r6YuVkrUCJ7tbbiwJQKVjOd40jMrocYJIhkxSWkWoBUTUFhIAoHzLnAE9KZkJkrV9LVObOZ2k7uHk8hONFJ3oglaG5vezYFD4UD0BfB-

*(footnote continued...)*

1

**DECLARATION OF JULIET A. MARKOWITZ, ESQ. IN SUPPORT OF SWEET OAK PARENT LLC'S MOTION TO DISMISS FAC AND REQUEST FOR JUDICIAL NOTICE IN CONNECTION THEREWITH**
**CASE NO. 2:25-cv-06553-SPG (AJR)**

4.  The first screenshot in Exhibit 1 is the Amazon.com web page as it appears when first accessed. The same photograph of the Product included on page 2 of the FAC in this action is displayed in the center of the web page, as depicted in the first screenshot in Exhibit 1.

5.  When first accessed, the Amazon.com web page listing for the Product includes six thumbnails of images plus four additional thumbnails vertically along the left side of web page. Only the first three thumbnails depict the Product package. Each such image is included in Exhibit 1. The first thumbnail is the same image displayed in the center of the Amazon.com web page when it is first accessed. The second depicts the back of the Product package. The third includes the same photograph of the front of the Product package as the first image, *i.e.*, the image in the FAC, with words below it. I clicked on each thumbnail in turn; doing so enlarged the image and brought it into the center of the page. After clicking on each such image, I captured a screenshot of the web page using the "Print Screen" button on my computer keyboard, and then pasted into Exhibit 1 each of the three screenshots as they were captured by my computer.

6.  I also clicked on the "4+" thumbnail on the bottom left of the Amazon.com web page, which brings up a popup window showing all ten thumbnails. Only the first three thumbnail images depict the Product package. The fourth through eighth thumbnails provide written information about the Product and/or about allulose. The ninth depicts different Wholesome products. The tenth lists nutritional information for a different product. I captured a screenshot of the popup window showing all ten thumbnails using the "Print Screen" button on my computer keyboard, which I also pasted into Exhibit 1.

---

IwoGI9EIsE8psZa94RsA1O430Er5MEO15LsP4eyLIsfoVvs8qxnDDG-1H8-LLSxxE8vHqUpey5zE-MFIC8dnIGlykH-dL6RVnGrWHNwzSWTQCCqb0MVr9q7KSwveEu9WluA-S5oQmK3W7HLitS9Y.EHtIDGORiyLqRu2iSe9TqrJuhENxTe8PCB95UOtNVZU&dib_tag=se&keywords=wholesome%2Ballulose%2B12%2Bounce&qid=1762114003&sprefix=wholesome%2Ballulose%2B12%2Bounce%2Caps%2C164&sr=8-5&th=1

7. I searched for and viewed the Product on other online retailers' webpages. I viewed the results at every retailer I could find that carries the Product, including Sweet Oak's own website for its Wholesome products, wholesomesweet.com, which uses the same image of the Product as on the Amazon.com website. Every retailer uses either that same image of the Product (depicted on page 2 of the FAC and in Exhibit 1 hereto), or a similar photograph. I did not locate any retailers that included a photograph of the Product juxtaposed next to something else of a known size from which a consumer could ascertain the dimensions of the Product's package.

8. At no time at or after the L.R. 7.3 conference did Plaintiff's counsel suggest he could provide, or offer to provide, an on-line image which Plaintiff actually viewed and which juxtaposed the Product next to something of a known size from which a customer could estimate the size of the Product package.

9. Attached hereto as **Exhibit 2** are screenshots captured on November 13, 2025 by my partner, René Tatro, depicting the results of the following inquiry he posed to the AI program Grok: "in determining the size of something in a digital image, is having a scale important?" Mr. Tatro captured screenshots of his inquiry and the AI response using the Microsoft "Snipping Tool" utility. He then pasted the images into a Word document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of November 2025 in Los Angeles, California.

By:_____
Juliet A. Markowitz

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2025, I electronically filed

**DECLARATION OF JULIET A. MARKOWITZ, ESQ. IN SUPPORT OF SWEET OAK PARENT LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND REQUEST FOR JUDICIAL NOTICE IN CONNECTION THEREWITH**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    PACIFIC TRIAL ATTORNEYS
    Scott J. Ferrell, sferrell@pacifictrialattorneys.com
    Victoria C. Knowles, vknowles@pacifictrialattorneys.com
    4100 Newport Place Drive, Ste. 800
    Newport Beach, CA 92660
    Tel: (949) 706-6464
    Fax: (949) 706-6469

                               /s/ *Karen L. Roberts*
                               Karen L. Roberts