# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON OH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWEET OAK PARENT LLC, a Delaware limited liability company,<br>　　　　　　　Defendants. | Case No. 2:25-cv-06553-SPG-AJR<br><br>**ORDER GRANTING DEFENDANT SWEET OAK PARENT LLC'S MOTION TO DISMISS**<br>**[ECF NOS. 17, 17-1]** |

Before the Court is the Motion to Dismiss, (ECF No. 17-1 ("Motion")), filed by Defendant Sweet Oak Parent LLC ("Defendant"). The Court has read and considered the Motion and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**I.　BACKGROUND**

Defendant manufactures and sells a line of sweeteners under the brand name "Wholesome." *See* (ECF No. 14 ("FAC") ¶ 1). The FAC alleges that, in fall 2024, Plaintiff Simon Oh ("Plaintiff") purchased a 12-ounce bag of Defendant's "Allulose Zero Calorie Sweetener" product (the "Product") from Amazon. *See* (*id.* ¶¶ 1, 7). Plaintiff alleges that, "[i]n making his purchase, Plaintiff relied upon the [Product's] mostly opaque packaging,

including the size of the container and product label." (*Id.* ¶ 7). Plaintiff claims that he "understood the size of the container and product label to indicate that the amount of sweetener contained therein was commensurate with the size of the container." (*Id.*). However, according to Plaintiff, the Product's packaging was only "filled to about 60 percent capacity." (*Id.* ¶ 28). Plaintiff alleges that Defendant "affirmatively misrepresented the amount of sweetener contained in the Product's packaging" to suggest that the packaging "contains an amount of sweetener commensurate with the size of the package." (*Id.* ¶ 11).

Plaintiff asserts claims, on behalf of himself and a proposed class of similarly situated individuals, under the following three statutes: (1) the California Unfair Competition Law ("UCL"); (2) the California False Advertising Law ("FAL"); and (3) the California Consumer Legal Remedies Act ("CLRA"). *See* (*id.* ¶¶ 52–118). On November 14, 2025, Defendant filed the instant Motion. *See* (Motion). On the same day, Defendant also filed a Request for Judicial Notice. *See* (ECF No. 18 ("RJN")). On January 7, 2026, Plaintiff filed a brief in opposition, *see* (ECF No. 19 ("Opp.")), and on January 14, 2026, Defendant filed a brief in reply, *see* (ECF No. 20 ("Reply")).[1]

## II.  LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails

---

[1] Local Rule 11-6.1 sets a 7,000-word limit on all memoranda of points and authorities. Defendant contends, and Plaintiff does not dispute, that Plaintiff's Opposition contains 9,210 words. *See* (Reply at 6 n.1). Given that the Court's Standing Order for Newly Assigned Civil Cases only sets a page-limit and does not set a word-limit, the Court declines to sanction Plaintiff for exceeding the word-limit set out in Local Rule 11-6.1. However, the Court may impose sanctions, going forward, based on either parties' failure to comply with the Local Rules and the Court's Standing Orders.

to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

**III.  REQUEST FOR JUDICIAL NOTICE**

In the Request for Judicial Notice, Defendant requests that the Court take judicial notice of four images from the Product's Amazon storefront or consider these documents to be incorporated by reference into the Complaint. *See* (RJN at 2). The first and second images show the front and back of the Product, set against a plain white background. *See* (ECF No. 17-3, Ex. 1, at 2). The third image shows a smaller version of the Product, set against a green background. *See* (*id.* at 3). The fourth image shows the Product's nutrition facts label. *See* (*id.*). According to Defendant, the remaining images do not show the

Product's packaging. *See* (RJN at 3). Plaintiff does not oppose Defendant's Request for Judicial Notice. *See generally* (Opp.).

Generally, at the motion to dismiss stage, courts may not consider any material beyond the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[R]eview is limited to the complaint."). If a court considers such extrinsic evidence, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, under the doctrines of incorporation-by-reference and judicial notice, courts may consider the contents of certain extrinsic documents "without converting the motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 688.

Judicial notice under Federal Rule of Evidence 201 authorizes courts to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (internal quotation marks and citation omitted). A court, however, may not "take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

"In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Specifically, courts have recognized that "[j]udicial notice is proper over websites and images of packaging in consumer protection advertising actions." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021); *see also Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (taking judicial notice of Amazon listing in assessing false advertising claim). Because Plaintiff does not dispute

that the images submitted in Defendant's Exhibit 1 accurately reflect what Plaintiff saw when he purchased the Product on Amazon, the Court will take judicial notice of the images from the Product's Amazon listing.

## IV.　DISCUSSION

Defendant argues that the Court should dismiss the FAC in its entirety based on Plaintiff's failure to allege facts sufficient to show actual reliance. *See* (Motion at 10–13). In the alternative, Defendant argues that Plaintiff lacks standing to assert claims for injunctive relief. *See* (*id.* at 13–16). Because Plaintiff has failed to plausibly allege actual reliance on Defendant's purported misrepresentation, the Court declines to address whether Plaintiff has standing to seek injunctive relief.

### A.　Actual Reliance

"A plaintiff alleging claims under the CLRA, FAL, or UCL[] must allege actual reliance." *Stewart*, 537 F. Supp. 3d at 1135; *see also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020). "Reliance is proved by showing that the defendant's misrepresentation or nondisclosure was 'an immediate cause' of the plaintiff's injury-producing conduct." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 ( 2009) (internal alterations omitted). "However, a plaintiff is not required to allege that the challenged misrepresentations were the sole or even the decisive cause of the injury-producing conduct." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 327 (2011) (internal quotation marks and alterations omitted). Instead, a plaintiff is only required to allege facts sufficient to establish that "the representation . . . played a substantial part, and so had been a substantial factor, in influencing his decision." *Tobacco II Cases*, 46 Cal. 4th at 326.

Defendant argues that Plaintiff has not alleged facts to show that he relied on the size of the Product's packaging, because the Amazon listing does not provide any "basis from which a consumer can determine the size of the package." (Motion at 5). Specifically, Defendant notes that the images of the Product on Amazon's website do "not include any point of reference or scale." (*Id.*). Defendant argues that, as such, "[a]ll that online consumers can ascertain from the photograph when they make a purchase is that

they are buying 12 ounces of non-GMO pure allulose zero calorie sweetener in a plastic pouch of indeterminate size." (*Id.* at 6).[2]

In response, Plaintiff claims that Defendant "conflate[s] the size of the Product with the amount of slack-fill or empty space contained therein." (Opp. at 9). According to Plaintiff, however, "[t]he size of the packaging of the Product combined with the actual amount of Product in the package constitutes Defendant's misrepresentation." (*Id.* at 11).[3] Thus, Plaintiff argues that the Product is misleading because the size of the Product's packaging implies a consumer will receive more product than is actually contained in the packaging. *See* (*id.* at 11); *see also Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*, No. 22-CV-03603-TLT, 2023 WL 2324291, at *15 (N.D. Cal. Feb. 16, 2023) ("The nonfunctional slack fill at the heart of this case is inherently connected with the size of the package."); *Escobar v. Just Born Inc.*, No. CV1701826BROPJWX, 2017 WL 5125740, at *4 (C.D. Cal. June 12, 2017) (slack-fill claim as premised on "the exaggerated size" of the

---

[2] In the Motion, Defendant asks the Court to consider a conversation between Defendant's counsel and the artificial intelligence program Grok. *See* (Motion at 11–12); *see also* (ECF No. 17-4, Ex. 2 (conversation log)). However, this conversation reflects extrinsic evidence not appropriate for consideration on a motion to dismiss. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Moreover, even if the Court could consider counsel's conversation with Grok, the Court would give the conversation no weight because, among other reasons, academic research suggests that generative artificial intelligence tends to respond to user prompts by returning the user's preferred answer. *See, e.g.*, Aaron Famous et al., *SycEval: Evaluating LLM Sycophancy*, arXiv (Sept. 19, 2025), https://arxiv.org/pdf/2502.08177; Mrinank Sharma et al., *Towards Understanding Sycophancy in Language Models*, arXiv (Oct. 27, 2023), https://arxiv.org/pdf/2310.13548.pdf.

[3] In addressing reliance, Plaintiff raises a number of arguments directed to whether the Product's packaging is likely to deceive a reasonable consumer. *See, e.g.*, (Opp. at 8, 14–22). However, the reasonable consumer test goes to whether a particular statement is false or misleading, not to reliance. *See Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) ("To state a claim under [the UCL, FAL, and CLRA], the plaintiff must show that a reasonable consumer would be deceived by the packaging and that plaintiff actually relied on the packaging and was deceived.").

product's packaging). Thus, to plead reliance, Plaintiff must plausibly allege facts to show that he was aware of the size of the Product's packaging when he purchased the Product.

However, Plaintiff has not alleged facts to suggest that, at the time of purchase, he was aware of the size of the Product's packaging. *See generally* (FAC). Likewise, in Opposition, Plaintiff does not argue that he was able to determine the size of the Product's packaging from the Amazon listing. *See* (Opp. at 9–14). From the images displayed on Amazon's website, the size of the Product's packaging is not readily apparent:



Therefore, even if Plaintiff has plausibly alleged that the Product's packaging is misleading, (FAC ¶ 7), he has not plausibly alleged that "he was *exposed* to [the] false or misleading representation" that he seeks to challenge, *see Gonzales v. Nat. Factors Nutritional Prods. Inc.*, No. 2:24-CV-02584-DSF-AS, 2024 WL 4609853, at *6 (C.D. Cal. June 28, 2024) (dismissing slack-fill claim where plaintiff alleged that he relied on the size of the package and product label for a nutritional supplement purchased online because the plaintiff had not "allege[d] that he looked at or relied on anything on the [seller's] website before purchasing the product"); *see also Cody v. Gainful Health Inc.*, No. EDCV 25-01373-KK-SPX, 2025 WL 3654171, at *6 (C.D. Cal. Dec. 9, 2025) (dismissing slack-fill claim where plaintiff purchased product from Amazon but failed to allege that the size of the product's packaging was discernible from the images displayed on Amazon); *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 916 (C.D. Cal. 2025) (plaintiff sufficiently

alleged reliance for slack-fill claim where image on Amazon "show[ed] the Product's packaging next to a bowl of cereal, thus providing an indication of the packages' size").[4] Therefore, the Court GRANTS the Motion as to Plaintiff's UCL, FAL, and CLRA claims.

### B. Leave to Amend

Plaintiff has requested leave to amend. Generally, "in dismissals for failure to state a claim, a district court should grant leave to amend." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Nevertheless, a district court may, in its discretion, deny leave to amend when amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Amendment is considered futile where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The Court does not find at this time that amendment would be futile and will therefore grant Plaintiff an additional opportunity to cure the deficiencies identified in this Order only.

//
//
//
//
//

---

[4] Plaintiff seeks to distinguish *Catalina Snacks* based on a statutory safe harbor that protects businesses from slack-fill claims where "[t]he mode of commerce does not allow the consumer to view or handle the physical container or product." Cal. Bus. & Prof. Code § 12606.2(b)(8); *see* (Opp. at 13 (arguing *Catalina Snacks* is distinguishable because the Court did not consider this provision)). However, § 12606.2 does not address the requirement that a plaintiff must plead actual reliance to state a claim under the UCL, FAL, and CLRA. Since Defendant does not invoke any of the statutory safe harbors set out in § 12606.2, this provision has no bearing on the Court's analysis.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. Within twenty-one (21) days of the issuance of this Order, Plaintiff may file a Second Amended Complaint curing the deficiencies identified herein. If Plaintiff fails to file a Second Amended Complaint within 21 days, the case will be closed.

**IT IS SO ORDERED.**

DATED: February 23, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE